United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAL BHATIA, Individually and as a Guardian ad Litem for JANE DOE; JANE DOE, a Minor,

Plaintiffs,

v.

STEPHEN CORRIGAN; DOES 1-100,

Defendants.

____________________________________/

No. C 07-2054 CW

ORDER RE APPOINTMENT OF GUARDIAN AD LITEM

Plaintiff Lal Bhatia purports to be the guardian ad litem for his minor daughter, Plaintiff Jane Doe. However, he has not filed a petition and proposed order to be appointed guardian ad litem. See William W Schwarzer et al., Federal Civil Procedure Before Trial, § 7:37 (2003). The Court has a duty to ensure that a minor's interest are protected. See Fed. R. Civ. P. 17(c) (providing that the court "shall make such other order as it deems proper for the protection of the infant"); In re Chicago, Rock Island & Pac. R.R. Co., 788 F.2d 1280, 1282 (7th Cir. 1986) ("If there was some reason to think that [the infant's] mother would not

represent [the infant's] interests adequately, the district court would, we may assume, be required (and certainly would be empowered) to appoint a guardian ad litem to represent [the infant].”).

Generally, when a minor is represented by a parent who is a party to the lawsuit, and who has the same interests as the child, there is no inherent conflict of interest. See, e.g., Gonzalez v. Reno, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), aff'd 212 F.3d 1338 (11th Cir. 2000) (explaining that “when a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c).”). When there is no conflict of interest, the guardian ad litem appointment is usually made on an ex parte application and involves minimal exercise of discretion by the court. Kulya v. City and County of San Francisco, 2007 WL 760776, * 1 (N.D. Cal. 2007).

However, "if the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." Williams v. Superior Court, 147 Cal. App. 4th 36, 50 (2007). As explained in Williams:

> Once the parent has made the decision that his or her child should seek monetary recovery by filing a lawsuit, the policies supporting a parent's right to decide whether a child should become involved in civil litigation are no longer paramount. Instead, the focus becomes the protection of the child's legal interests in the context of the civil action. Under such circumstances, a parent with a conflict of interest is not entitled to select the guardian ad litem or control the tactical or strategic legal decisions made by the guardian and/or the child's attorney.

Id. at 52-53.

Having reviewed the complaint, the Court finds that there is, at a minimum, a potential conflict of interest between Jane Doe and her father, Plaintiff Bhatia, due to the criminal prosecution. Thus, despite being her father, Plaintiff Bhatia, is not a suitable choice for guardian ad litem in this litigation. Nor is Jane Doe's mother an appropriate guardian because there too is a potential conflict of interest, due to her marriage to Plaintiff Lal Bhatia.

Therefore, Plaintiff Bhatia is ordered to submit list of three suitable guardians, along with their contact information, their agreement to serve and a brief explanation of why they would be suitable, within two weeks of the date of this order. Defendant may also submit a list of three suitable guardians within two weeks of the date of this order. The parties should do appropriate preliminary due diligence to avoid possible conflicts of interest. The Court will then consider the parties' suggested candidates, but is not limited to a selection among them.

The reasonable expenses of the appointed guardian ad litem shall be determined by the Court and paid as the Court may order, either out of any damages award or by Jane Doe, through her father. See Cal. Code of Civ. P. § 373.5. The appointed guardian ad litem shall review the factual allegations of the complaint, consult with Jane Doe and determine what, if any, legal claims are in Jane Doe's best interest to pursue. Should the appointed guardian find it is in Jane Doe's interest to pursue the claims, the guardian must determine whether or not to retain separate counsel or to retain

Stanley Hilton as counsel for the minor.

IT IS SO ORDERED.

Dated: 5/16/07

CLAUDIA WILKEN
United States District Judge



United States District Court
For the Northern District of California