**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7               FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   LAL BHATIA; JANE DOE, a Minor,              No. C 07-2054 CW

10          Plaintiffs,

11      v.                                       ORDER GRANTING
                                                 DEFENDANT'S MOTION
12   STEPHEN CORRIGAN; DOES 1-100,               TO DISMISS LAL
                                                 BHATIA'S CLAIMS
13          Defendants.

14   _____/

15

16

17       Plaintiff Lal Bhatia asserts civil rights and tort claims

18   against Defendant Stephen Corrigan, the assistant United States

19   Attorney who prosecuted him in two criminal cases.  Defendant now

20   moves to dismiss Plaintiff's claims.[1]  Plaintiff opposes

21   Defendant's motion.  The matter was taken under submission on the

22   papers.  Having considered all of the papers submitted by the

23   parties, the Court grants Defendant's motion and dismisses the

24   claims against him.

25   _____

26       [1]Originally, Defendant also moved to dismiss the claims
     against him brought by Jane Doe, Plaintiff's daughter.  Because the
27   Court has found that Plaintiff may not serve as his daughter's
     guardian ad litem in this action, and because the Court has not yet
28   appointed another guardian ad litem, Defendant's motion is denied
     without prejudice as it relates to Jane Doe.

BACKGROUND

This cases arises from actions Defendant allegedly took while prosecuting Plaintiff in two federal criminal cases.  In Case No. 04-40071, which was before this Court, Plaintiff was convicted of nine counts of mail fraud and eighteen counts of money laundering. In Case No. 05-334, Plaintiff has been charged with wire fraud and money laundering.  This case is still pending before Judge Armstrong.

Although the amended complaint contains a number of allegations, Plaintiff's submissions in connection with this motion make it clear that he charges Defendant with liability primarily in connection with two events.  First, Plaintiff claims that Defendant improperly moved to quash a subpoena that would have revealed the bias of a witness against him.  Second, Plaintiff alleges that Defendant attempted to secure an unreasonably high bond for his release by misrepresenting to the court that he was a flight risk.[2]

A.   Defendant's motion to quash Plaintiff's subpoena

Plaintiff alleges that he is engaged in a "family feud" with his aunt, Krishna Kirpalani, who was one of the witnesses in his

---

[2]Plaintiff also alleges that, in executing a warrant for his arrest, FBI agents violated the constitutional rights of his daughter by approaching her at school, pulling her aside and interrogating her.  Plaintiff charges Defendant with liability for the actions of the FBI agents because he directed them to execute the warrant.  However, Plaintiff was not himself injured by this event, and thus has no standing to bring a claim based on it.  See Conn v. Gabbert, 526 U.S. 286, 292-93 (1999) (a plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties").  To the extent he attempts to assert such a claim, it is dismissed.  His daughter's claim will be considered once the Court appoints a guardian ad litem for her and Defendant moves to dismiss her claim.

2

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

criminal trial before this Court.  In preparing his defense in that case, Plaintiff served his aunt with a subpoena that sought production of, among numerous other documents, a will left by Plaintiff's grandfather.  Plaintiff maintains that the will, which his aunt was concealing from him, would have revealed "significant financial bias and motive" for her to lie under oath.  As the prosecutor, Defendant moved to quash the subpoena.  The Court found that by serving the subpoena without a court order, Plaintiff had failed to comply with Rule 17(c) of the Federal Rules of Civil Procedure.[3]  The Court also found that the subpoena, as written, was overbroad.

Plaintiff claims that, because the subpoena was quashed, he was deprived of his rightful portion of his grandfather's estate. He asserts that by moving to quash the subpoena, Defendant "assisted and conspired with" Ms. Kirpalani to deprive Plaintiff of his property.  He also claims that Defendant failed to investigate adequately Ms. Kirpalani's bias prior to calling her as a witness, and that Defendant should not have pursued a criminal case based on what Plaintiff characterizes as a family dispute.

B.   Defendant's representation that Plaintiff was a flight risk

Plaintiff maintains that, at his bail hearing, Defendant "willfully and knowingly misrepresented" that Plaintiff was a flight risk.  In making such misrepresentations, Defendant

---

[3]The Court takes judicial notice of the record in Case No. CR 04-40071.  See Fed. R. Ev. 201; MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (holding that a court may take judicial notice of matters of public record, including filings in other cases).  A transcript of the relevant proceedings is attached as Exhibit A to the Corrigan Declaration.

allegedly relied on fabricated evidence.  This resulted in Plaintiff being placed under house arrest, which he claims was excessive.  Accordingly to Plaintiff, the evidence overwhelmingly favored the conclusion that he was not a flight risk.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).

In considering whether the complaint is sufficient to state a claim, all material allegations will be taken as true and construed in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  Although the court is generally confined to a consideration of the allegations in the pleadings, the court may also consider matters of which judicial notice may be taken; doing so does not convert the motion into one for summary judgment.  United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 1993).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment

4

United States District Court

For the Northern District of California

would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

DISCUSSION

Plaintiff alleges that Defendant violated his rights under the Fourth, Fifth, Sixth, Eighth and Ninth Amendments. He also asserts causes of action for the common law torts of negligence, intentional infliction of emotional distress and negligent infliction of emotional distress. In moving to dismiss, Defendant argues that prosecutorial immunity bars Plaintiff's constitutional claims, which are brought against Defendant in his individual capacity. He also argues that Plaintiff's tort claims may only be brought against the United States, and that under the Federal Tort Claims Act, these claims must be dismissed because Plaintiff has not exhausted his administrative remedies.

I.   Constitutional Claims

The Supreme Court has held that absolute immunity bars claims for damages against "judges, prosecutors, witnesses, and officials performing 'quasi-judicial' functions." Mitchell v. Forsyth, 472 U.S. 511, 520 (1985). Absolute immunity also protects government attorneys in administrative and civil proceedings. See Butz v. Economou, 438 U.S. 478, 516-17 (1978). The Ninth Circuit has held that absolute immunity extends to prosecutors for all

5

United States District Court
For the Northern District of California

"quasi-judicial activities taken within the scope of their
authority." <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1078 (9th Cir. 1986)
(en banc) (holding that a conspiracy between a judge and the
prosecutor to predetermine the outcome of a judicial proceeding,
while clearly improper, did not pierce absolute judicial and
prosecutorial immunity). Prosecutors act within their authority
when they perform a kind of act "having more or less connection
with the general matters" committed to their control or
supervision. <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723
F.2d 675, 678 (9th Cir. 1984). Prosecutors are entitled to
absolute immunity from damages even if it leaves "the genuinely
wronged defendant without civil redress against a prosecutor whose
malicious or dishonest action deprives him of liberty." <u>Ashelman</u>,
793 F.2d at 1075. There is no bad faith exception to the absolute
immunity of a prosecutor working within the scope of his or her
authority. <u>Id.</u> (citing <u>Campbell v. Maine</u>, 787 F.2d 776, 778 (1st
Cir. 1986)).

Plaintiff's claims are based on Defendant's motion to quash a
subpoena and arguments he made in connection with a hearing on
Plaintiff's bail. These actions, like all of the actions alleged
in the complaint, were directly connected to Defendant's quasi-
judicial role as the prosecutor in Plaintiff's criminal cases.
Thus, claims based on these actions are barred under the doctrine
of prosecutorial immunity.

Plaintiff has provided no support for his argument that, by
filing the motion to quash, Defendant "undertook to represent" Ms.
Kirpalani and therefore was acting outside the scope of his

United States District Court
For the Northern District of California

authority.  In addition, although Plaintiff asserts that Defendant conspired with Ms. Kirpalani to conceal his grandfather's will and deprive him of his inheritance, there are insufficient factual allegations to support a conspiracy claim.  The claim appears to be based on no more than Defendant's motion to quash and on Plaintiff's vague allegation that, at an unspecified time and in an unspecified context, Defendant lied about the existence of the will.  Therefore, in addition to being barred by the doctrine of prosecutorial immunity, Plaintiff's conspiracy claim is also conclusory, providing another ground for dismissing it.  See Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir. 1997) ("In order to survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive them of their constitutional rights must include in their complaint nonconclusory allegations containing evidence of unlawful intent or face dismissal prior to the taking of discovery.") (internal quotation marks omitted).

As for Defendant's alleged misrepresentations to the Court at Plaintiff's bail hearing, Plaintiff has not explained his theory that such conduct was unrelated to Defendant's role as a prosecutor.  The Court finds it clear that it was, and dismisses Plaintiff's claims based on Defendant's assertion that Plaintiff was a flight risk.

In addition, because Plaintiff's constitutional claims against Defendant are inherently based on actions taken within the scope of his role as the prosecutor in Plaintiff's criminal cases, the Court finds that any amendment to the complaint would be futile or would necessarily require factual allegations inconsistent with those in

7

the first amended complaint. Moreover, Plaintiff already amended the complaint once in an attempt to address Defendant's earlier motion to dismiss, which raised the same issues as the present motion. Accordingly, Plaintiff's constitutional claims are dismissed with prejudice.

II. Tort Claims

A suit against the United States or its agencies is barred by the doctrine of sovereign immunity unless the United States gives prior consent to such a suit. United States v. Shaw, 309 U.S. 495, 500-01 (1940). The Federal Tort Claims Act provides a limited waiver of sovereign immunity for certain torts, including negligent or wrongful acts or omissions committed by government employees while acting in the scope of their employment. See 28 U.S.C. § 2679. In an action on such torts, the only proper defendant is the United States. See 28 U.S.C. § 2679; United States v. Smith, 499 U.S. 160, 163 (1991). Upon a certification by the Attorney General that employees named as defendants were acting within the scope of their office at the time of the relevant conduct, the United States is substituted by operation of law as the defendant in the action. 28 U.S.C. § 2679(d)(1). An assistant United States Attorney has filed such a certification in this case. Although Plaintiff disputes that Defendant's alleged acts were in fact within the scope of his employment, the Court has already found to the contrary. The Court therefore deems Plaintiff's tort claims asserted against the United States.

The Federal Tort Claims Act requires a plaintiff to file an administrative claim with the appropriate federal agency prior to

United States District Court
For the Northern District of California

1  bringing a lawsuit against the United States.  Courts do not have

2  jurisdiction over such an action until the claim is denied or six

3  months pass without a decision from the agency.  28 U.S.C.

4  § 2675(a).  The Ninth Circuit has "repeatedly held that this 'claim

5  requirement of section 2675 is jurisdictional in nature and may not

6  be waived.'"  Jerves v. United States, 966 F.2d 517, 519 (9th Cir.

7  1992) (quoting Burns v. United States, 764 F.2d 722, 724 (9th Cir.

8  1985)).

9      Plaintiff has not plead that he presented any claim to the

10  appropriate federal agency and that the agency denied his claim,

11  nor does he state in his opposition to Defendant's motion that he

12  did so.  Therefore, the Court lacks jurisdiction over his claims

13  for negligence, intentional infliction of emotional distress and

14  negligent infliction of emotional distress, and they are dismissed

15  with leave to amend.[4]

16                          CONCLUSION

17      For the foregoing reasons, the Court GRANTS Defendant Stephen

18  Corrigan's motion to dismiss the claims brought against him by

19  Plaintiff Lal Bhatia (Docket No. 30).  Plaintiff's claims for

20  violations of his constitutional rights are dismissed with

21

22      [4]Although the parties did not brief the matter, the Court
23  notes that Plaintiff's FTCA claims, which are based on the same
   events as his constitutional claims, may also be subject to a
24  defense of absolute prosecutorial immunity.  See 28 U.S.C. § 2674;
   Conrad v. United States, 447 F.3d 760, 763 (9th Cir. 2006) (noting
25  that, in an FTCA action, the plaintiff "did not sue the AUSA, who
   was protected by prosecutorial immunity"); Doe v. United States,
26  829 F. Supp. 59, 60-61 (S.D.N.Y. 1993) (holding that the United
   States may raise the defense of prosecutorial immunity in an FTCA
27  action).  If Plaintiff files a second amended complaint, the United
   States may move to dismiss on this ground.

28                              9

prejudice.   Plaintiff is granted leave to amend to allege, if he can truthfully do so, facts showing that he has exhausted his administrative remedies with respect to his common law tort claims. His claims must be made against the United States.   Plaintiff shall not include in any second amended complaint any claims on behalf of Jane Doe.   Her claims are severed, and remain as stated in the first amended complaint pending appointment of a guardian ad litem. The second amended complaint is due two weeks from the date of this order.   If Plaintiff files a second amended complaint, he must serve it as required by Rule 4 of the Federal Rules of Civil Procedure.   If Plaintiff is unable to amend his complaint to allege truthfully that he has exhausted his tort claims, they will stand dismissed without prejudice to refiling if he is able to exhaust them.

        IT IS SO ORDERED.

Dated: 12/12/07                    _____
                                   CLAUDIA WILKEN
                                   United States District Judge

10